IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALAN HEADMAN,<br><br>                Plaintiff,<br>v.<br><br>ROYAL I. HANSEN, et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-592<br>Case No. 2:19-cv-961 (consolidated)<br>Case No. 2:20-cv-16 (consolidated)<br><br>District Judge Dee Benson<br>Magistrate Judge Evelyn J. Furse |

Before the court is Defendants' Motion to Dismiss for Failure to State a Claim. (Dkt. No. 43.) The court has reviewed the facts and arguments set forth in the parties' filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## **DISCUSSION**

This case centers on Plaintiff Alan Headman's treatment in his state court divorce case. Mr. Headman claims his due process rights were violated. He claims his right to a jury trial was violated. He claims the judge was wrong to deny his request for a reduction in alimony. He declares that this federal court action does not seek to change the rulings that were adverse to him in his divorce case, but rather to remedy his rights to due process and a jury trial. He seeks to achieve this remedy by obtaining from this court various injunctions and declarations fixing what he feels is wrong with the state court system. He also asks for general and punitive damages. In his endeavor to obtain this relief, Mr. Headman has sued Judge Royal I. Hansen, his trial judge (Dkt. No. 1), Commissioner Joanna Sagers, who made recommendations to the court regarding

alimony and other matters (Dkt. No. 1, Case No. 2:19-cv-961 (consolidated)), and all five justices of the Utah Supreme Court: Chief Justice Matthew B. Durrant, Associate Chief Justice Thomas R. Lee, Justice Constandinos Himonas, Justice John A. Pierce, and Justice Paige Petersen. (Dkt. No. 1, Case No. 2:20-cv-16 (consolidated).)

Initially, Mr. Headman sought injunctive relief by filing a Motion for a Temporary Restraining Order asking this court to enjoin Defendants "from incarcerating the Plaintiff until he receives his due process by a Trial by Jury upon all motions." (Dkt. No. 31 at 4.) That motion was denied on January 17, 2020 for, among other things, being virtually devoid of supporting facts that could entitle him to the relief he sought or to justify the jurisdiction of this court. (*See* Dkt. No. 34.)

Currently before the court is Defendants' Motion to Dismiss all of the consolidated cases for various reasons, including judicial immunity, failing to comply with Rule 8 of the Federal Rules of Civil Procedure, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine. (Dkt. No. 43.) Each of these grounds for dismissal are meritorious and effectively dispose of this litigation, as follows:

### *Rooker-Feldman*:

The *Rooker-Feldman* doctrine recognizes that "federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments." *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). Under this doctrine, "[t]he losing party in a state court proceeding is generally 'barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's

federal rights.'" *Bisbee,* 3 Fed. App'x at 822 (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

### *Younger* Abstention:

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999), *implied overruling on other grounds recognized by Dunlap v. Nielsen*, 771 F. App'x 846, 849 (10th Cir. 2019).

The *Rooker-Feldman* and *Younger* abstention doctrines bar this court from granting the relief sought by Mr. Headman. The state appellate process is the proper forum for Mr. Headman to seek relief from and request review of any judicial decisions that he believes are wrong in his divorce proceedings. While Mr. Headman is clearly unhappy with the outcome of his state court divorce case, "[u]nhappiness … does not confer jurisdiction on this court." *Headman v. Utah,* No. 2:18-CV-00051, 2018 WL 4469843, at *2 (D. Utah July 2, 2018), *report and recommendation adopted,* No. 2:18-CV-51, 2018 WL 4469376 (D. Utah Sept. 17, 2018), *aff'd,* 770 F. App'x 435 (10th Cir. 2019).

### **Judicial Immunity:**

Even without application of the *Rooker-Feldman* and *Younger* abstention doctrines, it is well-settled that judicial immunity protects judges from civil liability for judicial acts. *See, e.g., Mireles v. Waco,* 502 U.S. 9, 9–10 (1991). This immunity is absolute and is only overcome in two sets of circumstances: (1) where a suit is based on nonjudicial actions; and (2) where a suit is based on actions taken in the complete absence of all jurisdiction. *Id.* at 11–12. Such immunity is

vital to the judicial system because it allows a judicial officer "to act without apprehension of personal consequences" and without fear that he or she will face "[l]iability to answer to every one who might feel himself aggrieved by the action of the judge." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).

Each of the defendants in this case are shielded by this doctrine of judicial immunity. Judge Hansen's decisions to deny Mr. Headman's jury trial demand, hold a bench trial, and modify the divorce decree were all clearly judicial acts. Similarly, Mr. Headman's claims indicate that he is suing the justices of the Utah Supreme Court in their official capacities, rendering them immune under the Eleventh Amendment. Commissioner Sagers, as a court-appointed commissioner, is likewise immune for her actions described in the claims in this case because the Tenth Circuit extends judicial immunity to the actions of non-judicial officers "where their duties had an integral relationship with the judicial process." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). While Mr. Headman argues that the Defendants "do not have jurisdiction to ignore the protections of the Constitution," he has not alleged facts showing that any of the Defendants acted outside of their jurisdiction or judicial role when the events that Mr. Headman complains of occurred. (Dkt. No. 45 at 5–6.)

**<u>Federal Rule of Civil Procedure 8</u>:**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While detailed factual allegations are not necessary under Rule 8, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, [then] the complaint has alleged—but it has not

shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and brackets omitted). In the case of a *pro se* complaint, the pleadings are entitled to "a liberal construction," but the litigant must still satisfy the requirements of Rule 8. *Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008). "Accordingly, a district court may dismiss a pro se complaint when, even liberally construed, it is incomprehensible." *Id.* (internal quotations and citation omitted).

Even if Mr. Headman's claims were not subject to dismissal under the doctrines of *Rooker-Feldman, Younger* abstention, and judicial immunity, Mr. Headman has failed to satisfy the pleading requirements of Rule 8. In order to state a plausible claim, Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation … [and] more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court has construed Mr. Headman's *pro se* pleadings liberally. Mr. Headman has nevertheless failed to state a plausible claim by failing to support his conclusory allegations with the requisite facts.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 43) is hereby GRANTED. Plaintiff's claims are DISMISSED with prejudice, and this action is CLOSED. All other pending motions in this case (Dkt. Nos. 15, 26, 45, 47) are also hereby DISMISSED as moot.

DATED this 9th day of March, 2020.

BY THE COURT:

_____
Dee Benson
United States District Judge